UNITED STATES DISTRICT COURT
DISTRICT OF JERSEY, CAMDEN

STEPHANIE BENNETT
3704 Vale Lane
Philadelphia, Pennsylvania 19114

    v.

RICHARD NUSSEY, JR., D.O.
Two Stone Harbor Boulevard
Cape May Court House, New Jersey 08210
    and
CAPE REGIONAL MEDICAL CENTER, INC.,
d/b/a Cape Regional Medical Center
Two Stone Harbor Boulevard
Cape May Court House, New Jersey 08210
    and
CAPE EMERGENCY PHYSICIANS, P.A.
Two Stone Harbor Boulevard
Cape May Court House, New Jersey 08210

NO.



## COMPLAINT

Plaintiff, Stephanie Bennett, hereby submits the following Complaint and in support thereof aver as follows:

### I. THE PARTIES

1. Plaintiff, Stephanie Bennett, pro se, is an adult citizen of the State of Pennsylvania, residing therein at 3704 Vale Lane, Philadelphia, Pennsylvania 19114.

2. Defendant, Cape May Regional Medical Center, Inc., d/b/a Cape Regional Medical Center (hereinafter "Cape May Regional Medical Center"), is, upon information and belief, a hospital and/or business entity organized and existing under the laws of the State of New Jersey with its principal place of business located at Two Stone Harbor Boulevard, Cape May Court House, New Jersey 08210.

3. Defendant, Cape Emergency Physicians, P.A. (hereinafter "Cape Emergency Physicians"), is a physicians' medical practice and/or business entity organized and existing under the laws of the State of New Jersey with its principal place of business at Two Stone Harbor Boulevard, Cape May Court House, New Jersey 08210.

4. At all times relevant and material hereto, Defendant, Richard Nussey, Jr., D.O. (hereinafter "Defendant Nussey"), was the actual and/or apparent employee, agent and/or ostensible agent of Defendants, Cape Regional Medical Center and Cape Emergency Physicians, and was acting within the course and scope of his actual and/or apparent employment, agency, and/or ostensible agency at all times relevant hereto in the treatment of the Plaintiff.

5. At all times material and relevant hereto, Defendants, Cape Regional Medical Center and Cape Emergency Physicians, acted and/or failed to act by and through their actual and/or apparent agent, employee, and/or ostensible agent, Defendant Nussey, in the treatment of the Plaintiff.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction based upon diversity of citizenship of the parties and the requisite amount in controversy in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

7. Venue is appropriate in this District because the Defendants are subject to personal jurisdiction in this judicial district and the underlying negligence and carelessness of the Defendants in causing this incident, as described more fully below herein, occurred at the Cape Regional Medical Center located at Two Stone Harbor Boulevard, Cape May Court House, New Jersey 08210, which is within this judicial district.

### III.    **FACTUAL AVERMENTS**

8. At all times material and relevant hereto, the Plaintiff was a patient of the Defendants who had the responsibility for her care, treatment, and general wellbeing.

9. At all times material hereto, all Defendants held themselves out as medical care providers who were required to possess skill, training, knowledge, and diligence for the sole purpose of rendering medical care and services to the public in general and to the Plaintiff in particular.

10. The Plaintiff was rendered care by the Defendants individually and through their agents, servants, workmen, employees and/or ostensible agents in such a careless and negligent manner as to cause the Plaintiff's injuries that will be described more fully hereinafter in the Complaint.

11. As a result of the negligence and carelessness of Defendants, individually and/or by acting through their actual agents, apparent agents, employees, and/or ostensible agents, they failed to adequately monitor, examine, assess, and treat the Plaintiff, ultimately causing the Plaintiff to suffer the injuries as detailed hereinafter in the Complaint.

12. On July 26, 2008, the Plaintiff arrived at the emergency department of the Defendant Cape Regional Medical Center with injuries to her face and head, including lacerations caused by being hit with glass. At this time, the Plaintiff came under the treatment and care of the Defendant hospital's staff for treatment of these injuries.

13. While in the emergency department at Defendant, Cape Regional Medical Center, the Plaintiff came under the care of Defendant Nussey on July 26, 2008, and was evaluated and cared for by Defendant Nussey.

14. During the evaluation on July 26, 2008, Defendant Nussey was aware that Plaintiff had sustained injuries to her face, including lacerations caused by a glass.

15. On July 26, 2008, Defendant Nussey was aware that Plaintiff had fragments of glass in her face, below the skin.

16. On July 26, 2008, Defendant Nussey negligently and carelessly failed to remove all of the glass fragments from the Plaintiff's face.

17. On July 26, 2008, Defendant Nussey carelessly and negligently discharged Plaintiff from Defendant Cape Regional Medical Center without ensuring that all glass fragments had been removed from Plaintiff's face.

18. Plaintiff subsequently discovered that she still had glass fragments in her face which caused pain, disfigurement, sensitivity, and problems with her eye.

19. All times material and relevant hereto, Defendant Nussey failed to perform the indicated and necessary tests and studies to determine if the Plaintiff retained fragments of glass in her face.

20. At all times material and relevant hereto, Defendant Nussey failed to perform the appropriate examinations and evaluations of the Plaintiff to determine if she retained fragments of glass in her face.

21. At all times material and relevant hereto, Defendant Nussey failed to adequately ensure that all glass fragments had been removed from the Plaintiff's face.

22. At all times material and relevant hereto, Defendant Nussey failed to adequately assess and treat the Plaintiff, which was inappropriate under the circumstances, negligent, and careless to the Plaintiff which significantly increased the risk of harm to the Plaintiff and ultimately caused her injuries.

23. All Defendants are jointly and/or severally liable to the Plaintiff.

## COUNT I – MEDICAL NEGLIGENCE

## STEPHANIE BENNETT v. RICHARD NUSSEY, JR., DO.

24. Plaintiff incorporates by reference the averments set forth in paragraphs 1 through 24 inclusive as set forth herein at length.

25. The Plaintiff's injuries were caused by the negligence and carelessness of Defendant, Richard Nussey, Jr., D.O., acting individually and/or as the agent, ostensible agent, and/or employee of Defendants, Cape Emergency Physicians and Cape Regional Medical Center, who at all times material hereto was acting within the course and scope of his actual and/or apparent employment and/or agency in the following respects:

    a. Failure to adequately assess, monitor, and treat the Plaintiff in the emergency room at the Defendant hospital;

    b. Failure to timely perform necessary diagnostic tests and imaging studies in the emergency department to evaluate the Plaintiff's condition;

    c. Failure to perform an appropriate evaluation and examination of the Plaintiff to determine whether she retained glass fragments in her face;

    d. Failure to remove all glass fragments from the Plaintiff's face;

    e. Negligently and carelessly discharging Plaintiff from the emergency department at Defendant hospital while the Plaintiff still had glass fragments in her face; and

    f. Failure to consult appropriate specialists for the treatment and care of the Plaintiff.

26. Defendant Nussey's actions and failures to act, with regard to his care and treatment of the Plaintiff, as described more fully above, placed the Plaintiff in serious danger, substantially increased the risk of harm to the Plaintiff, and caused Plaintiff's injuries.

27. Defendant Nussey assumed the duty to the Plaintiff to render reasonable, competent, proper, adequate, and appropriate medical care, advice, services, and treatment to improve Plaintiff's condition and avoid harm.

28. Plaintiff relied upon the medical knowledge, treatment, and advice of the Defendants and their agent, servant, workman, employee, and/or ostensible agent, Defendant Nussey.

29. The negligence and carelessness of the Defendants, and each of them, increased the risk of harm to the Plaintiff and caused her injuries as set forth more fully herein.

30. As a direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff was caused to suffer injuries to her face, including but not limited to: retained glass fragments in her face, disfigurement, pain, sensitivity, and problems with her eye. This has caused the Plaintiff to undergo great mental anguish and physical pain, as a result of which she suffers, yet suffers, and will continue to suffer for an indefinite time in the future.

31. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully in the paragraphs above, the Plaintiff has been and will be obliged to receive and undergo medical attention and care, will require future medical attention and care, and has had to expend various sums of money and/or to incur expenses for the injuries she has suffered and may be further obligated to continue to expend such sums of money for an indefinite period of time into the future.

32. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully above, the Plaintiff has suffered and will continue to suffer in the future great pain, discomfort, trauma, mental anguish, embarrassment, humiliation, and anxiety.

33. As a further direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff has been and may continue to be prevented from attending to her usual employment, activities, duties, and lifestyle, resulting in financial loss and personal loss to her detriment.

WHEREFORE, Plaintiff, Stephanie Bennett demands judgment against Defendants, Richard Nussey, Cape Regional Center Inc., and Cape Regional Physicians, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable by this Honorable Court.

## COUNT II

### STEPHANIE BENNETT v. CAPE REGIONAL MEDICAL CENTER, INC.

34. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as though the same were set forth fully at length herein.

35. The Plaintiff's injuries were caused by the Defendant, Cape Regional Medical Center, acting by and through its agent, employee, and/or ostensible agent, Defendant, Richard Nussey, Jr., D.O., who was at all times material hereto acting within the course and scope of his actual and/or apparent employment and/or agency with the Defendant.

36. The negligence of Defendant Nussey has been previously detailed in this Complaint.

37. Defendant, Cape Regional Medical Center, is liable to the Plaintiff for the negligence, carelessness, omissions, and other acts and failures of its agent, ostensible agent, and/or employee, Defendant Nussey, which caused Plaintiff's injuries as detailed in this complaint.

38. The carelessness and negligence of Defendant, Cape Regional Medical Center's agent, ostensible agent, and/or employee, Defendant Nussey increased the risk of harm to Plaintiff, and caused her injuries as detailed in this Complaint.

39. Defendant, Cape Regional Medical Center, assumed the duty to the Plaintiff to provide reasonable, competent, proper, adequate, and appropriate medical care, advice, services, and treatment to improve Plaintiff's condition and avoid harm.

40. Plaintiff relied upon the medical knowledge, treatment, and advice of the Defendants.

41. The negligence and carelessness of the Defendants, and each of them, increased the risk of harm to the Plaintiff and caused her injuries as set forth more fully herein.

42. As a direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff was caused to suffer injuries to her face, including but not limited to: retained glass fragments in her face, disfigurement, pain, sensitivity, and problems with her eye. This has caused the Plaintiff to undergo great mental anguish and physical pain, as a result of which she suffers, yet suffers, and will continue to suffer for an indefinite time in the future.

43. As a direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff was caused to suffer injuries to her face, including but not limited to: retained glass fragments in her face,

disfigurement, pain, sensitivity, and problems with her eye. This has caused the Plaintiff to undergo great mental anguish and physical pain, as a result of which she suffers, yet suffers, and will continue to suffer for an indefinite time in the future.

44. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully in the paragraphs above, the Plaintiff has been and will be obliged to receive and undergo medical attention and care, will require future medical attention and care, and has had to expend various sums of money and/or to incur expenses for the injuries she has suffered and may be further obligated to continue to expend such sums of money for an indefinite period of time into the future.

45. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully above, the Plaintiff has suffered and will continue to suffer in the future great pain, discomfort, trauma, mental anguish, embarrassment, humiliation, and anxiety.

46. As a further direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff has been and may continue to be prevented from attending to her usual employment, activities, duties, and lifestyle, resulting in financial loss and personal loss to her detriment.

WHEREFORE, Plaintiff, Stephanie Bennett demands judgment against Defendants, Richard Nussey, Cape Regional Center Inc., and Cape Regional Physicians, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable by this Honorable Court.

## COUNT III

### STEPHANIE BENNETT v. CAPE EMERGENCY PHYSICIANS, PA

47. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though the same were set forth fully at length herein.

48. The Plaintiff's injuries were caused by the Defendant, Cape Emergency Physicians, acting by and through its agent, employee, and/or ostensible agent, Defendant, Richard Nussey, Jr., D.O., who was at all times material hereto acting within the course and scope of his actual and/or apparent employment and/or agency with the Defendant.

49. The negligence of Defendant Nussey has been previously detailed in this Complaint.

50. Defendant, Cape Emergency Physicians, is liable to the Plaintiff for the negligence, carelessness, omissions, and other acts and failures of its agent, ostensible agent, and/or employee, Defendant Nussey which caused Plaintiff's injuries.

51. The carelessness and negligence of Defendant, Cape Emergency Physician's agent, ostensible agent, and/or employee, Defendant Nussey increased the risk of harm to Plaintiff, and caused her injuries as detailed in this Complaint.

52. Defendant, Cape Emergency Physician, assumed the duty to the Plaintiff to provide reasonable, competent, proper, adequate, and appropriate medical care, advice, services, and treatment to improve Plaintiff's condition and avoid harm.

53. Plaintiff relied upon the medical knowledge, treatment, and advice of the Defendants.

54. The negligence and carelessness of the Defendants, and each of them, increased the risk of harm to the Plaintiff and caused her injuries as set forth more fully herein.

55. As a direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff was caused to suffer injuries to her face, including but not limited to: retained glass fragments in her face, disfigurement, pain, sensitivity, and problems with her eye. This has caused the Plaintiff to undergo great mental anguish and physical pain, as a result of which she suffers, yet suffers, and will continue to suffer for an indefinite time in the future.

56. As a direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff was caused to suffer injuries to her face, including but not limited to: retained glass fragments in her face, disfigurement, pain, sensitivity, and problems with her eye. This has caused the Plaintiff to undergo great mental anguish and physical pain, as a result of which she suffers, yet suffers, and will continue to suffer for an indefinite time in the future.

57. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully in the paragraphs above, the Plaintiff has been and will be obliged to receive and undergo medical attention and care, will require future medical attention and care, and has had to expend various sums of money and/or to incur expenses for the injuries she has suffered and may be further obligated to continue to expend such sums of money for an indefinite period of time into the future.

58. As a further direct and proximate result of the negligence and carelessness of the Defendants, as described more fully above, the Plaintiff has suffered and will continue to suffer in the future great pain, discomfort, trauma, mental anguish, embarrassment, humiliation, and anxiety.

59. As a further direct and proximate result of the negligence and carelessness of the Defendants as described more fully in the paragraphs above, the Plaintiff has been and may continue to be prevented from attending to her usual employment, activities, duties, and lifestyle, resulting in financial loss and personal loss to her detriment.

WHEREFORE, Plaintiff, Stephanie Bennett demands judgment against Defendants, Richard Nussey, Cape Regional Center Inc., and Cape Regional Physicians, jointly and severally, for compensatory damages, which will reasonably compensate her for her injuries, prejudgment and post judgment interests, costs of suit, and any other relief deemed equitable by this Honorable Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues in this cause of action.

### LOCAL CIVIL RULE 11.2 CERTIFICATION

The subject matter of this Complaint is not the subject of any other pending court action, arbitration, or administrative proceeding.

### LOCAL CIVIL RULE 201.1(d)(3) CERTIFICATION OF DAMAGES

The undersigned certifies that the damages recoverable in this matter exceed One Hundred and Fifty Thousand ($150,000) Dollars, exclusive of interest, costs, and any claim for punitive damages.

BY: *Stephanie Bennett*
STEPHANIE BENNETT, PRO SE

Dated: 7/21/10

%JS 44 (Rev. 12/07, NJ 1/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stephanie Bennett
3704 Val Lane, Phila., PA 19114

(b) County of Residence of First Listed Plaintiff: Philadelphia, PA

(c) Attorney's (Firm Name, Address, Telephone Number, and Email Address)
Pro Se

## DEFENDANTS

County of Residence of First Listed Defendant: Cape May, NJ

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known): Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☒ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC §1332

Brief description of cause: Defendant's medical negligence caused injury to Plaintiff

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Excess of $150,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE: 
DOCKET NUMBER:

Explanation:

DATE: 7/21/10

SIGNATURE OF ATTORNEY OF RECORD: Stephanie Bennett